# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2847

_____

| | | |
|---|---|---|
| Haywood Franklin, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Kristian Nuckles, Chief Jailer at time of | * | Eastern District of Arkansas. |
| incident, Craighead County Detention | * | |
| Center; Arlen Whitley, guard at | * | [UNPUBLISHED] |
| Craighead County Detention Center, | * | |
| originally sued as Arlene Whitley; | * | |
| Dalton Lane, officer at Craighead | * | |
| County Detention Center; Kaye Harris, | * | |
| Guard at Craighead County Detention | * | |
| Center, originally sued as Deft | * | |
| "Harrison," | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 7, 2005
Filed: December 27, 2005

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Haywood Franklin, Jr., appeals the district court's[1] adverse judgment, following a bench trial, in his 42 U.S.C. § 1983 action. Because Franklin has not moved for preparation of a trial transcript, it is impossible to determine whether the "facts" he lists were supported by substantial evidence, or whether the district court misapplied the law to the facts that were established. See Fed. R. App. P. 10(b) (it is appellant's duty to order transcript of portions of trial relevant to issues raised on appeal); Schmid v. United Bhd. of Carpenters & Joiners of Am., 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (in absence of trial transcript, appellate court cannot rule on weight of evidence), cert. denied, 484 U.S. 1071 (1988). Further, to the extent Franklin is challenging the district court's credibility findings, this court gives due regard to the district court's opportunity to judge witness credibility. See Estate of Davis v. Delo, 115 F.3d 1388, 1394 (8th Cir. 1997). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

[1] The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).